**NOT FOR PUBLICATION**

UNITED STATES COURT OF APPEALS

FOR THE NINTH CIRCUIT

**FILED**

MAY 14 2014

MOLLY C. DWYER, CLERK
U.S. COURT OF APPEALS

| | |
|---|---|
| MARIN PIO-PAHUA, AKA Martin Pio, | No. 08-74157 |
| Petitioner, | Agency No. A070-132-092 |
| v. | |
| ERIC H. HOLDER, Jr., Attorney General, | MEMORANDUM[*] |
| Respondent. | |

On Petition for Review of an Order of the
Board of Immigration Appeals

Submitted May 12, 2014[**]
San Francisco, California

Before: D.W. NELSON, McKEOWN, and M. SMITH, Circuit Judges.

Marin Pio-Pahua, a citizen of Mexico, seeks review of a final order of

removal issued by the Board of Immigration Appeals ("BIA") on August 29, 2008,

upholding the Immigration Judge ("IJ")'s denial of Pio-Pahua's application for

cancellation of removal and motion for a continuance of his removal hearing. Pio-

---

[*]     This disposition is not appropriate for publication and is not precedent except as provided by 9th Cir. R. 36-3.

[**]     The panel unanimously concludes this case is suitable for decision without oral argument.  *See* Fed. R. App. P. 34(a)(2).

Pahua appeals the denial of his motion for a continuance.

The BIA did not abuse its discretion when it upheld the IJ's denial of Pio-Pahua's motion for a continuance. The regulations governing immigration proceedings permit IJs to grant continuances for "good cause shown." 8 C.F.R. § 1003.29. Although the regulations do not define "good cause," we have held that "[i]n deciding whether denial of the alien's request would violate his statutory right to a reasonable opportunity to present evidence on his own behalf, the judge must consider the nature of the evidence to be presented and its importance to the alien's claim." *Baires v. I.N.S.*, 856 F.2d 89, 92 (9th Cir. 1988). In *Baires*, we noted that other factors might be important to the good cause determination, including delay attributable to unreasonable conduct on the part of the alien, inconvenience to the immigration court, and the number of prior continuances granted and their duration, without enumerating a conclusive list. *Id*. at 92–93.

Pio-Pahua requested this fifth continuance in order to demonstrate that he was eligible for cancellation of removal under 8 U.S.C. § 1229b(b) on the ground that his removal would cause "exceptional and extremely unusual hardship" to his U.S. citizen son.

The BIA sustained the IJ's determination that Pio-Pahua had failed to demonstrate that his removal would cause his son the hardship the statute requires.

Pio-Pahua appears not to have sought any legal right to interact with his son until 2007, in the midst of his immigration proceedings and when his son was twelve years old. He had failed to pay any child support until 2002, and at the time he filed the custody petition, had not seen his son for a year and a half. The IJ denied the continuance motion because it was grounded in the "speculative possibility" that a court "might" order visitation. The IJ found that Pio-Pahua had not demonstrated "that the child would suffer" the "exceptional and extremely unusual" hardship that the statute requires since, "as matters have stood for several years," he "ha[d] not been visiting the child at all."

The BIA held that the IJ had properly denied Pio-Pahua's motion on the ground that even if Pio-Pahua "succeed[ed] in obtaining the evidence he sought, it was unlikely to meet his burden of proving the requisite hardship." Although the Board reversed the IJ's credibility findings, the Board made an independent determination with respect to the continuance. Thus the IJ's credibility findings cannot be said to have "infected" the continuance determination as Pio-Pahua suggests. The record demonstrates that the BIA "consider[ed] the nature of the evidence to be presented, and its importance to the alien's claim." *Baires*, 856 F.2d at 92. As such, there was no abuse of discretion.

Pio-Pahua's claim that the denial of his motion for a continuance violated

his due process rights and prejudiced his application for cancellation of removal is simply an attack on the IJ's discretionary decision reframed in a constitutional rubric. Because Pio-Pahua has failed to establish that the proceedings before the IJ were "so fundamentally unfair that [he] was prevented from reasonably presenting his case," we deny these claims. *Colmenar v. I.N.S.*, 210 F.3d 967, 971 (9th Cir. 2000) (internal citations omitted).

**PETITION DENIED.**